**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

KE CAI INC. and NY ZHENG DONG INC.          Civil Action No.

                    Plaintiff(s),          <u>**COMPLAINT**</u>

     -against-


SIGUE CORPORATION
                Defendant(s).


-----------------------------------------------------------------x


     Plaintiffs KE CAI INC. and NY ZHENG DONG INC., by their attorney Patrick C. Carroll, Esq., complaining of the Defendant, hereby alleges the following upon information and belief:

<u>**THE PARTIES**</u>

     1.  For all times set forth herein, Plaintiff KE CAI INC. is a Corporation duly formed and existing by virtue of the laws of the State of New York.

     2.  For all times set forth herein, Plaintiff NY ZHENG DONG INC. is a Corporation duly formed and existing by virtue of the laws of the State of New York.

     3.  For all times set forth herein, Defendant SIGUE CORPORATION is a Corporation duly formed and existing by virtue of the laws of the State of California.

     4.  For all times set forth herein, Defendant SIGUE CORPORATION is a federally and state licensed "money transmitter" which can and does wire monies from persons present in the United States to persons present in many other foreign countries, including the People's Republic of China.

     5.  For all times set forth herein and in order to conduct the business of money transmission, Defendant SIGUE CORPORATION utilizes "agents" located around the United States, including agents within the State of New York, with whom the SIGUE CORPORATION has contracted to be its agents in order to conduct money transmission services.

     6.  For all times set forth herein and until written termination by the SIGUE

1

CORPORATION, Plaintiffs KE CAI INC. and NY ZHENG DONG INC. were licensed "agents" of the SIGUE CORPORATION.

7.   For all times set forth herein, Defendant KE CAI INC. conducted business as an agent of the SIGUE CORPORATION under the agent identification number:  NY24519 at its commercial storefront located at 4131 Main Street, County of Queens, Flushing, NY.

8.   For all times set forth herein, Defendant NY ZHENG DONG INC. conducted business as an agent of the SIGUE CORPORATION under the agent identification number: NY21443 at its commercial storefront located at 4137 Kissena Blvd, County of Queens, Flushing, NY.

9.   By way of business practices, individuals present in Queens County who were desirous of sending money from the United States to relatives in China would proceed to ether of the Plaintiffs' premises set forth above and present funds to Plaintiffs 'in cash' with destination instructions for the money transmittal.

10. Plaintiffs would accept said "cash" and utilize Defendants software, online website portals and electronic equipment and designated SIGUE CORPORATION bank accounts through which the funds were "wired" to a destination location in China whereupon the beneficiary would then pick up "cash" from a designated location.  From said wiring, Plaintiffs and Defendants would be paid a fee and/or commissions.

11. On account of the foregoing practice and procedure by where business was conducted, Defendant SIGUE CORPORATION was and is a 'fiduciary' with respect to the principal sums intended for wire transmission presented to it by Plaintiffs pursuant to this arrangement.

12. On account of the foregoing practice and procedure by where business was conducted, Plaintiffs were and are 'fiduciaries' with respect to the principal sums of money it accepted and transferred to SIGUE CORPORATION for transfer overseas.

13. That the Defendant SIGUE CORPORATION conducted business with Plaintiffs under the foregoing arrangement and custom without incident until in or about April of year 2023.

14. That Plaintiffs and Defendants are citizens of different states and constitute completely diverse parties such that federal jurisdiction is appropriate.

15. That the tortious conduct complained of herein this action all occurred within the territory of the Federal Eastern District Courts of New York.

## FACTS COMMON TO ALL CLAIMS

16. That in or about April of 2023 and continuing through May of 2023 – certain monies transmitted to the SIGUE CORPORATION by Plaintiffs were not transferred to the intended recipients in China and other foreign countries as was intended and instructed by Plaintiffs and the 'Senders'.

17. That at first, Defendant SIGUE CORPORATION stated that this was simply a delay, or the result of some other 'clerical problem' and that Plaintiffs should simply 'wait'.

18. Plaintiffs' customers then thus, began to come to Plaintiffs' offices complaining that their intended wire transfer recipients were not receiving the funds intended for them.

19. Plaintiffs repeatedly inquired of SIGUE CORPORATION but received no response.

20. In or about the end of May of 2023, Defendant SIGUE CORPORATION continued to accept funds from Plaintiffs that Plaintiffs' received from customers intended for transfer to persons in China and other foreign countries but unbeknownst to Plaintiffs, Defendant SIGUE CORPORATION was now refusing in all cases to transmit said monies to the intended beneficiaries and instead was simply keeping and retaining the funds.

21. That at no time set forth herein, did the Defendant SIGUE CORPORATION warn or memorialize the fact that they while they were continuing to accept finds for transfer overseas, they were actually in fact, simply retaining same.

22. That no explanation for the foregoing was ever issued by Defendant SIGUE CORPORATION to Plaintiffs.

23. That said monies taken and retained by Defendant SIGUE CORPORATION have not been returned to the Plaintiffs for return to the Senders.

24. That said monies taken and retained by Defendant SIGUE CORPORATION have not been returned to the original and individual senders of said monies.

25. That said monies taken and retained by Defendant SIGUE CORPORATION have not been sent and presented for pickup by the intended beneficiaries in China.

26. That the acceptance of funds by Defendant SIGUE CORPORATION from the Plaintiffs as received by Plaintiffs from persons seeking to transfer money overseas utilizing defendant SIGUE'S transfer operations,  and the failure by SIGUE CORPORATION to return said funds and their retention of it; is a breach of contract by SIGUE, a further breach of SIGUE'S fiduciary duty and constitutes tortious conduct in that they were unjustly enriched as well as

violative of UCC Article 4A and various state and local banking and money transfer and wire statutes and regulations.

27. That no accounting has been provided to Plaintiffs by Defendant SIGUE CORPORATION despite due demand for same.

28. That Defendant SIGUE CORPORATION has not responded to telephone, e-mail correspondence and written correspondence and has ignored the Plaintiffs.

29. That the foregoing conduct has been in no way condoned, caused, or created by action of the Plaintiffs.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF KE CAI INC.

30. The foregoing conduct constitutes a breach of contract by SIGUE CORPORATION.

31. That on account of same, Plaintiff KE CAI INC. has been damaged in an amount equal to the funds taken and retained by Defendant which in this case is no less than approximately 1.3 million dollars.

32. That in addition to the said ad damnum, Plainitff KE CAI INC. is also entitled to an award of interest and reasonable attorneys' fees.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF NY ZHENG DONG INC.

33. The Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "32" as if fully set forth herein and hereat.

34. The foregoing conduct constitutes a breach of contract by SIGUE CORPORATION.

35. That on account of same, Plaintiff NY ZHENG DONG INC. has been damaged equal to the funds taken and retained by Defendant which in this case is no less than approximately 1.45 million dollars.

36. That in addition to the said ad damnum, Plaintiff NY ZHENG DONG INC. is also entitled to an award of interest and reasonable attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF KE CAI INC.

37. The Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "36" as if fully set forth herein and hereat.

38. The foregoing conduct constitutes a breach of fiduciary duty by SIGUE CORPORATION.

39. That on account of same, Plaintiff KE CAI INC. has been damaged in an amount equal to the funds taken and retained by Defendant which in this case is no less than approximately 1.3 million dollars.

40. That in addition to the said ad damnum, Plaintiff KE CAI INC. is also entitled to an award of interest and reasonable attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF NY ZHENG DONG INC.

41. The Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "40" as if fully set forth herein and hereat.

42. The foregoing conduct constitutes a breach of fiduciary duty by SIGUE CORPORATION.

43. That on account of same, Plaintiff NY ZHENG DONG INC. has been damaged equal to the funds taken and retained by Defendant which in this case is no less than approximately 1.45 million dollars.

44. That in addition to the said ad damnum, Plaintiff NY ZHENG DONG INC. is also entitled to an award of interest and reasonable attorneys' fees.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF KE CAI INC.

45. The Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "44" as if fully set forth herein and hereat.

46. The foregoing conduct constitutes a breach of fiduciary duty by SIGUE CORPORATION.

47. That on account of same, Plaintiff KE CAI INC. has been damaged in an amount equal to the funds taken and retained by Defendant which in this case is no less than approximately 1.3 million dollars.

48. That in addition to the said ad damnum, Plaintiff KE CAI INC. is also entitled to an award of interest and reasonable attorneys' fees.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF NY ZHENG DONG INC.

49. The Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "48" as if fully set forth herein and hereat.

50. The foregoing conduct constitutes unjust enrichment by SIGUE CORPORATION.

51. That on account of same, Plaintiff NY ZHENG DONG INC. has been damaged equal to the funds taken and retained by Defendant which in this case is no less than approximately 1.45 million dollars.

52. That in addition to the said ad damnum, Plaintiff NY ZHENG DONG INC. is also entitled to an award of interest and reasonable attorneys' fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF KE CAI INC.

53. The Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "52" as if fully set forth herein and hereat.

54. The foregoing conduct constitutes a breach of UCC Article 4A by SIGUE CORPORATION.

55. That on account of same, Plaintiff KE CAI INC. has been damaged in an amount equal to the funds taken and retained by Defendant which in this case is no less than approximately 1.3 million dollars.

56. That in addition to the said ad damnum, Plaintiff KE CAI INC. is also entitled to an award of interest and reasonable attorneys' fees.

## AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF
## OF NY ZHENG DONG INC.

57. The Plaintiffs repeat and reallege each and every allegation set forth at paragraphs "1" through "56" as if fully set forth herein and hereat.

58. The foregoing conduct constitutes a breach of UCC Article 4A by SIGUE CORPORATION.

59. That on account of same, Plaintiff NY ZHENG DONG INC. has been damaged equal to the funds taken and retained by Defendant which in this case is no less than approximately 1.45 million dollars.

6

60. That in addition to the said ad damnum, Plaintiff NY ZHENG DONG INC. is also entitled to an award of interest and reasonable attorneys' fees.

WHEREFORE, PLAINTIFFS DEMAND JUDGMENT UPON THE COMPLAINT

Dated: December 12, 2023
        Carle Place, NY

_____
**Patrick C. Carroll, Esq.**
**LAW OFFICES OF PATRICK C. CARROLL, ESQ.**
One Old Country Road, Suite 125
Carle Place, New York 11514
Ph. 516-424-9102
Email: Patrick.Carroll.Law@Gmail.com

## VERIFICATION

State of New York          }
                           } ss
County of _____ }

     KE CAI YAN, being duly sworn, deposes and says:

He is the President and Owner of KE CAI INC., a Plaintiff in the above captioned action and that he has read the within complaint and same is true to your deponent's own knowledge except as to those matters stated to be made upon information and belief and as to those matters, your deponent believes them to be true.

                                     KE CAI YAN
                                     As President/Owner of:
                                     KE CAI INC.

Sworn to before me this ____ day
of _____, 2023

_____
Notary Public

8

## VERIFICATION

State of New York     }
                      } ss

County of _Queens_    }

ZHENG LIAN, being duly sworn, deposes and says:

He is the President and Owner of NY ZHENG DONG INC., a Plaintiff in the above captioned action and that he has read the within complaint and same is true to your deponent's own knowledge except as to those matters stated to be made upon information and belief and as to those matters, your deponent believes them to be true.

ZHENG LIAN
President/Owner of:
ZHENG DONG INC.

Sworn to before me this 12th day of _December_, 2023

_____
Notary Public

9